GULOTTA, Judge.
In these consolidated suits, Linda Revon Brown and her husband Charles Brown sued for injuries Mrs. Brown suffered in two separate automobile accidents occurring on February 22, 1977 and March 14, 1977. In each accident, Mrs. Brown was a guest-passenger in an automobile rear-ended by another vehicle. Fidelity and Casualty Company of New York was the liability insurer of the driver of the rear-ending automobile in the February 22nd accident, and Allstate Insurance Company was the liability insurer of the driver of the rear-ending vehicle in the March 14th accident. Quantum is the only issue.
For the injuries sustained in the February 22nd accident, the jury awarded Charles Brown $78.00 for medical expenses incurred and Linda Brown $350.00 in general damages against Fidelity. For the injuries resulting from the March 14th accident, the jury awarded Mr. Brown $14,500.00 in special damages and Mrs. Brown $18,000.00 in general damages against Allstate. Plaintiffs, appealing, complain both awards are inadequate. Allstate, appealing, claims that plaintiffs failed to show that Mrs. Brown’s medical problems were related to the March 14th accident. Allstate further claims that, even if the injuries sustained in the March 14th accident can be distinguished from those of the February 22nd accident, seven months post-accident Linda Brown was in the same physical condition she had been in prior to the accident.
We conclude the jury properly separated the injuries sustained in both accidents, as reflected in the medical and lay evidence, but abused its discretion in the assessment of the amount of the special and general *574 damage awards. We affirm the jury’s $350.00 general damage award and $78.00 special damage award against Fidelity. However, we amend and increase the special damage award in favor of Charles Brown against Allstate Insurance Company from $14,500.00 to $22,638.33. Further, we conclude the $18,000.00 general damage award against Allstate was inadequate and increase it to $30,000.00.
Plaintiffs’ claim for damages is based upon an aggravation by the two 1977 automobile accidents of a pre-existing back problem, resulting in pain and mental anguish for an extended period of time as well as permanent disability. Linda Brown’s history of severe back problems apparently commenced as result of an injury she sustained from a fall in 1970. A bulging disc was found between the fourth and fifth vertebrae and in August 1970 this disc was removed. Subsequently, in December 1975 she was injured in an automobile accident and underwent a second operation in January 1976 for another ruptured interverte-bral disc. In August 1976 a spinal fusion was performed at the L4 and L5 level. She apparently progressed satisfactorily subsequent to the fusion operation.
Dr. Alain Cracco, an orthopedic surgeon, had performed the surgery on Linda Brown for the disc removal in January 1976 and for the fusion operation in September 1976. According to Dr. Cracco, with the exception of some low-back discomfort after activity, Linda Brown showed satisfactory progress following the September 1976 surgical intervention. Dr. Cracco saw Linda again on February 23, 1977, the day following the first accident involved in this litigation. On that visit, examination indicated that she was “neurologically intact”. He diagnosed a soft-tissue sprain in the back of the neck, a strain of the neck and low back and a bruise of the right ankle. According to Dr. Cracco, in March 1977 she had a slight decrease in the range of motion of the neck, tenderness between the shoulder blades and lower lumbar spine, but no nerve entrapment. She was placed on analgesics and muscle relaxants. Physical therapy and a corset were prescribed.
On March 15, the day following the second accident involved in this litigation, Linda Brown was seen by Dr. Cracco in the emergency room at Methodist Hospital. The examination at that time revealed increased symptoms relating to the neck with more pain on the left side in the neck and shoulder area. She exhibited discomfort and tenderness in the left leg and lumbo-sacral area. Dr. Cracco’s concern was with the possible disruption of the earlier fusion. Because of increased pain in the lower part of the neck, the shoulder blade, the left calf and left leg, plaintiff was again hospitalized on May 3, 1977 following testing on April 30,1977. Examination during this hospitalization indicated nerve root irritation at the L5 and SI levels.
On July 28, 1977 plaintiff again underwent surgery performed by Dr. Cracco and Dr. Amilcar Correa, a neurosurgeon. At this time they reopened the fusion to expose the nerve and found that the nerve roots were being squeezed by the bone. A rhizo-tomy was performed in which the nerve root or sensory part of the nerve is clipped to relieve pain. According to Dr. Correa, the nerve root irritation was apparently not present prior to March 14, 1977. He stated further that prior to the rhizotomy, Linda had undergone two nerve blocks in the lumbar area.[1] This procedure was described as painful. According to Dr. Correa, when a rhizotomy is performed the patient is exchanging pain for numbness in the area. Dr. Correa stated that Linda Brown had no feeling in certain areas of her leg. He stated further that patients learn to accommodate this numbness but the rhizotomy is permanent.
Considering the description of the accident and discomfort as expressed by Linda Brown, it was Dr. Cracco’s opinion that the February 22nd accident was relatively minor but that the March 14th accident was more serious. Because of the progression *575 of symptoms, Dr. Cracco stated that it was his belief the March 14th accident caused a tear, some bleeding and formation on the bone that was fused on the nerve resulting in the squeezing of the nerve by the bony mass. As we interpret Dr. Cracco’s testimony, it is more probable than not that the March 14th accident aggravated plaintiff’s back problems.
Dr. Cracco testified that he saw plaintiff on the last occasion in October 1978. She complained at that time of low-back discomfort. According to Dr. Cracco he has not seen her subsequent to that time for any back problem. Finally, Dr. Cracco testified that functionally plaintiff was no more disabled as a result of the 1977 surgery than she was in January 1977.
Charles Brown, Linda’s husband, testified that the only injury which he observed occurred to Linda after the February 22,1977 accident was a bruise of the ankle. She limped and complained of upper-back pain, however, she did not complain of neck pain. He stated that in the March 14, 1977 accident, Linda was thrown from the car and suffered lower-back pain and pain in the left leg. He indicated that his wife suffered pain from the area of the lower back to the neck. Brown testified further that his wife’s problems with her back commenced after the March 14th accident.
Linda Brown testified that between March 15th and October 1977, she was in constant pain. She apparently considered herself recovered in October 1977 but continued to experience some muscle spasm and some pain. She returned to work, according to her testimony, in January 1978. Mrs. Brown admitted that most of her problems from the February 22nd accident were apprehension and fear about whether or not the fusion had been adversely affected. She stated in the February accident she suffered some pulled muscles and spasms as well as a sprained or bruised ankle. She said that she saw Dr. Cracco primarily because of fear that the fusion had been disturbed. She indicated, however, that Dr. Cracco had advised her that the February 22nd accident did not disturb the fusion. She candidly stated that her back problem started to redevelop after the March accident but that she did experience muscle spasm between February and March.
Other testimony, from friends of Mrs. Brown and from her husband, described plaintiff’s active routine prior to the accident, as including outdoor sports, housekeeping, and caring for the children. They compared those activities with her inability, post-accident, to engage in them. They also commented on the depression Mrs. Brown experienced following the March 14th accident, due to the extreme limitations her back pain placed on her daily activities. Further, in a report dictated in June 1977, Dr. Cracco noted that since her latest injury, Mrs. Brown had demonstrated marked depressive changes.
Plaintiffs claim the jury erred in failing to award the entire amount of medical and child-care expenses incurred, totaling $22,-688.37, and further that the jury abused its discretion by making an inadequate general damage award. Plaintiffs also assert the trial judge erred in refusing to admit photographs depicting the scars on Linda Brown's back resulting from the surgery following the February and March accidents; in instructing the jury that an unfavorable presumption arises by plaintiffs’ failure to produce certain physicians; by the trial judge’s charge regarding aggravation of a pre-existing injury, which did not accurately reflect that a tortfeasor takes his victim as he finds him; by the trial judge’s charge that plaintiffs must prove their case by “a reasonable certainty” rather than by “a preponderance of the evidence”; and lastly, in charging the jury that any award made to plaintiffs was exempt from federal income tax and that no award for attorney’s fees should be considered by the jury.
Because we conclude the jury erred in the special damage award and abused its discretion in the amount of the general damage award in favor of plaintiffs and against Allstate Insurance Company, no useful purpose would be served in considering the claimed errors of the trial judge.
*576 Although we find the special and general damage awards against Allstate Insurance Company are inadequate, we find no error in their apparent finding that Mrs. Brown’s back problems were aggravated by the March 14th accident rather than by the February 22nd accident. Accordingly, we conclude the jury did not abuse its discretion in the $350.00 general damage award against Fidelity and Casualty Company of New York, liability insurer of the driver in the February 22nd accident. Furthermore, the evidence is clear that the medical expenses incurred as a result of that accident total $78.00, the amount awarded by the jury.
We do find, however, error in the amount awarded by the jury for medical and child-care expenses incurred as the result of the March 14th accident. The jury awarded $14,500.00 in special damages. The testimony of Charles Brown, together with exhibits, clearly demonstrate that $960.00 in doctor bills was incurred; $14,-408.80 in hospital bills; a $435.00 emergency admissions charge; $175.25 laboratory fees; $355.04 in medical appliances such as a corset and nerve stimulator; physical therapy in the sum of $60.00; $474.24 in drugs; and $1,770.00 in child-care and housekeeping expenses necessitated because of Mrs. Brown’s inability to care for her home. The total of these amounts is $22,-638.33. Plaintiff is clearly entitled to recover this amount in special damages from Allstate Insurance Company, the insurer of the driver of the automobile in the March 14th accident.
We conclude further from the evidence that the March 14th accident aggravated a pre-existing back condition, resulting in nerve root irritation requiring exploratory surgery and eventually a rhizotomy. We also conclude from the evidence that prior to the March 14th accident, and despite the February accident, plaintiff was recovering extremely well from her September 1976 fusion, and was returning to activities as normal as can be expected from someone who has previously had spinal surgery. Although Linda Brown stated that in October 1977 she had recovered from the injury and had returned to work in January 1978, she continued to experience muscle spasm and pain requiring the use of muscle relaxants. Under the circumstances, we deem an $18,000.00 general damage award to be so inadequate as to constitute an abuse of the jury’s discretion, and increase the award to the sum of $30,000.00. See Coco v. Winston Industries, Inc. 341 So.2d 332 (La. 1977); Reck v. Stevens, 373 So.2d 498 (La. 1979).
DECREE
Accordingly, that part of the judgment in favor of plaintiffs against Fidelity and Casualty Company of New York is affirmed. That part of the judgment in favor of Charles Brown against Allstate Insurance Company is amended to increase the special damage award from $14,500.00 to $22,-638.33. That part of the judgment in favor of Linda Brown against Allstate Insurance Company is amended to increase the general damage award from $18,000.00 to $30,-000.00. As amended, the judgment is affirmed, costs to be paid by Allstate Insurance Company.

AMENDED AND AFFIRMED.

. These nerve blocks were described as the induction by injection, after local anesthetic, of an anti-inflammatory agent for the purpose of relieving pain.